IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONZO TOLBERT,<br><br>                Plaintiff,<br>   v.<br><br>D. PEELER,<br><br>                Defendant | CV F 03-5254  AWI SMS P<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL**<br><br>(Document #61) |

       This action proceeds on Plaintiff Alfonzo Tolbert's complaint, filed July 1, 2003, against Defendant Peeler.   Plaintiff Tolbert, an inmate in the custody of the California Department of Corrections, brings this civil rights action against Defendant Peeler for alleged use of excessive force in violation of Plaintiff Tolbert's Eighth Amendment rights.  The action is set for trial to be held on February 27, 2007.    On January 3, 2007, Plaintiff filed a motion for the court to provide him with counsel.

       As explained previously by the Magistrate Judge, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).   Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist.

Court, 490 U.S. 296, 310 (1989).  The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).

Plaintiff has failed to make a showing that statutory grounds exist that entitle him to counsel.  Plaintiff appears able to present his claims adequately, and the issues at this stage of the case are issues of fact.  Plaintiff's prior filings, including his pretrial statement and orders concerning witnesses, are comprehensive and focused.  Plaintiff has filed numerous motions throughout this action.  Although Plaintiff's filings do not always achieve the quality of papers that are usually prepared by lawyers, Plaintiff's motions have been articulate and organized.  Plaintiff is correct that he would be served by the assistance of counsel, and the court is not unsympathetic to Plaintiff's desire for counsel.  However, the Ninth Circuit has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." Rand, 113 F.3d at 1525.  Plaintiff has made no such showing.

Accordingly, the court ORDERS that Plaintiff's motion for counsel is DENIED.

IT IS SO ORDERED.

**Dated:   January 8, 2007**              **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE

2