1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALFONZO TOLBERT,** | **CV F 03-5254  AWI SMS P** |
| **Plaintiff**, ) <br> **v.** ) | **ORDER CONCERNING PLAINTIFF'S MOTIONS FOR THE ATTENDANCE OF WITNESSES** |
| **D. PEELER,** ) | (Documents #57, #64, #66, #67, #68, & #69) |
| **Defendant** ) | |

**BACKGROUND**

This action proceeds on Plaintiff Alfonzo Tolbert's complaint, filed July 1, 2003, against Defendant Peeler.   Plaintiff Tolbert, an inmate in the custody of the California Department of Corrections, brings this civil rights action against Defendant Peeler for alleged use of excessive force in violation of Plaintiff Tolbert's Eighth Amendment rights.   The action is set for trial to be held on February 27, 2007.

On December 21, 2006, January 3, 2007, and January 5, 2007, Plaintiff filed motions concerning witnesses.    The issue of Plaintiff's witnesses was also addressed by the court at the January 3, 2007 telephonic trial confirmation hearing.    This order resolves these witness issues.

# DISCUSSION

## A. Incarcerated Witnesses

As to Plaintiff Tolbert's motions concerning incarcerated witnesses, the Scheduling Order filed August 30, 2006 informed Plaintiff Tolbert the procedures for calling incarcerated witnesses and informed Plaintiff Tolbert that a motion regarding incarcerated witnesses must be filed with his pretrial statement.   Plaintiff Tolbert failed to file any such motion.   However, on January 5, 2007, the court received a motion requesting the court bring three incarcerated witnesses to trial.   In his motion, Plaintiff states that the absence of an inmate who was assisting him and prison lock-downs prevented him from filing his motion earlier. Because these witnesses were listed on Plaintiff's pretrial statement, the court has postponed the trial, the court is allowing Defendant to add a witness, and in the interests of justice, the court will consider Plaintiff's late motion.

Plaintiff requests the presence of Inmate Clark, CDC #K-68510.   According to Plaintiff's declaration, Inmate Clark was present during the incident of excessive force.   It appears that Inmate Clark also heard Defendant allegedly threaten Plaintiff prior to the classification hearing.   The court finds that Inmate Clark's proposed testimony is relevant because he is an eye-witness to both the previous confrontation – which may provide a motive for the alleged use of force –  and the actual use of force.   Accordingly, the court will order Inmate Clark transported for trial.

The parties are informed that it is necessary to grant Plaintiff's motion to allow for the transpiration of Inmate Clark at this time.   The CDC needs several weeks to arrange for transport, and by the time the court could rule on any motion concerning the admissibility of Inmate Clark's testimony, it might be too late to order Inmate Clark transported.   Defendant may still file a motion in limine attempting to preclude part or all of Inmate Clark's testimony. Plaintiff is advised that some or all of Inmate Clark's testimony may still be excluded.   The court will rule on any motions in limine concerning Inmate Clark the morning of trial.   Thus, while the

1  court will order Inmate Clark transported for trial, Plaintiff is not guaranteed that he will be

2  allowed to testify to all subjects Plaintiff may like to elicit testimony regarding.

3        The court also informs Inmate Clark and all parties that it is not this court's policy

4  to transport an inmate witness unless that inmate witness is currently willing to come to court to

5  testify.    In this case, Plaintiff states Inmate Clark told him in 2000 or 2001 that he was willing to

6  testify, but Plaintiff has not been in contact with Inmate Clark for some six years.    Because

7  Inmate Clark has been transferred to another institution and in light of prison regulations

8  prohibiting most contact between inmates, the court will not require Plaintiff to personally

9  confirm that Inmate Clark is still willing to testify.    Rather, the court will serve a courtesy copy

10 this order and the Amended Pretrial Statement on Inmate Clark.    If Inmate Clark is not willing

11 to testify in this action, Inmate Clark should contact the court, indicating the case name and case

12 number of this action, state that he does not wish to be transported to trial, and ask that any

13 transportation orders be vacated.    Any request to stop transportation should be filed as soon as

14 possible to avoid any unnecessary transportation.

15        Plaintiff also requests that the court transport Inmate Devon, CDC #E-43780 to

16 court to testify.    Plaintiff states that Inmate Devon heard Defendant Peeler verbally threaten

17 Plaintiff prior to the use of excessive force.    Inmate Devon's testimony about prior threats to

18 Plaintiff that may explain a later use of force appears to be relevant to this action.    However,

19 Inmate Clark can also testify about these alleged threats.    The court declines to transport Inmate

20 Devon to testify because his testimony would be duplicative and cumulative of Inmate Clark's

21 testimony.

22        Finally, Plaintiff asks that the court transport Inmate Brown, CDC #K-40403 to

23 testify.    Plaintiff states that Inmate Brown will testify about an incident when Defendant Peeler

24 assaulted Inmate Brown.  Inmate Brown's testimony is precluded by the Federal Rules of

25 Evidence.  Rule 404(b) of the Federal Rules of Evidence provides that: "Evidence of other

26 crimes, wrongs, or acts is not admissible to prove the character of a person in order to show

27

28                                         3

1    action in conformity therewith. It may, however, be admissible for other purposes, such as proof

2    of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

3    accident . . . ."    The purpose of Inmate Brown's testimony about another incident in which

4    Defendant Peeler assaulted a different inmate would be to argue to the jury that because

5    Defendant Peeler assaulted Inmate Brown, Defendant Peeler also assaulted Plaintiff.    Such

6    testimony and argument is prohibited.    The issue in this action is one of credibility – i.e. who is

7    telling the truth about Defendant Peeler's use of force on Plaintiff – and there is no showing that

8    the incident concerning Inmate Brown will assist in showing Defendant Peeler's motive, intent,

9    plan, identity, or absence of mistake.    Other alleged "bad acts" by Defendant Peeler are simply

10   not admissible regardless of how relevant Plaintiff believes they are.    Because Inmate Brown's

11   testimony is not admissible, the court will not transport him for trial.

12   ### Non - Incarcerated Witnesses

13        Plaintiff has also filed motions concerning non-incarcerated witnesses.    For non-

14   incarcerated witnesses who are willing to testify voluntarily, Plaintiff need only tell them the date

15   and time of trial and nor further actions are necessary.

16        If a non-incarcerated witness is not willing to testify voluntarily, Plaintiff Tolbert

17   must immediately provide the court with the name of such witnesses and a declaration, signed

18   under penalty of perjury, that Plaintiff Tolbert has the required funds to pay each witness coming

19   from CCI  $170.83 and pay any witness coming from Las Vegas, Nevada $385.42.   Upon receipt

20   of the witnesses' names and a declaration confirming an ability and willingness to pay the

21   witness fees, the court will fill out subpoenas and return them to Plaintiff.   Plaintiff must then

22   effect service of both the subpoenas ad testificandum and checks made payable to each witness.[1]

23

24
        [1]  At the hearing,  Litigation Coordinator Steve Albritton suggested that the money orders
25   for witness fees be made out to "General Fund" because CDC employees would be paid by the
     State for their time.   Based on the Local Rules and the Rules of Civil Procedure, the court has no
26   authority to allow Plaintiff to make the checks out to someone other than the witnesses.  As such,
     the checks need to be made out to the witnesses, and CCI or any other state agency paying CDC
27   employees for their time and travel, will have to recover the money from the CDC employees.

28                                                    4

Plaintiff must ensure that each witness is personally served with the subpoena ad testificandum, to be provided to Plaintiff by the court once the court is notified of the witnesses' names. Plaintiff may not effect personal service himself. Fed. R. Civ. P. 45(b)(1). Service may be effected by any person who is not a party to this action and who is at least eighteen years old. Id. Each subpoena must be accompanied by the witness fee and mileage for one day, calculated by the court to be $170.83 for each witness located at CCI and $385.42 for each witness located in Las Vegas, Nevada. The court will provide Plaintiff with a copy of Rule 45 along with this order. Plaintiff must ensure each witness is served by January 17, 2007. Plaintiff is directed to work with Litigation Coordinator Steve Albritton as necessary to assist in service.[2]

## ORDER

Accordingly, the court ORDERS that:

1.  Plaintiff's motion for the attendance of Inmate Clark, CDC #K68510, at the February 27, 2007 trial is GRANTED;

2.  Plaintiff's motion for the attendance of Inmate Devon, CDC #E43780 and Inmate Brown, CDC #K40403, is DENIED.

3.  Plaintiff is ORDERED to immediately provide the court with the names of non-incarcerated witnesses and a declaration, signed under penalty of perjury, that Plaintiff Tolbert has the required funds to pay each witness coming from CCI $170.83 and pay any witness coming from Las Vegas, Nevada $385.42.

4.  Upon receipt of the non-incarcerated witnesses' names and a declaration confirming an ability to pay witness fees, the court will fill out subpoenas and return them to Plaintiff;

5.  Upon receipt of the subpoensa from the court, Plaintiff is DIRECTED to ensure that each witness is personally served with the subpoena ad testificandum and a

---

[2] The court requests that Litigation Coordinator Steve Albritton assist in service as appropriate.

check or money order for the witness fee and mileage for one day, calculated by the court to be $170.83 for each witness located at CCI and $385.42 for each witness located in Las Vegas, Nevada, by January 17, 2007;

6.      The Clerk of the Court is DIRECTED to provide Plaintiff with a copy of Rule 45 of the Federal Rules of Civil Procedure    Plaintiff must ensure each witness is served by January 17, 2007;

7.      The court requests that Litigation Coordinator Steve Albritton assist as appropriate with Plaintiff's compliance with this order and the service of non-incarcerated witnesses;

8.      The Clerk of the Court is DIRECTED to fax a copy of this order and the Amended Pretrial Order to Litigation Coordinator Steve Albritton, with a request that he immediately give to Plaintiff;

9.      The Clerk of the Court is DIRECTED to serve a courtesy copy of this order and the Amended Pretrial Order on:

        Bobby Ray Clark III, CDC #  K-68510
        Kern Valley State Prison, Delano.

IT IS SO ORDERED.

**Dated:    January 8, 2007**                    _____/s/ Anthony W. Ishii_____
0m8i78                                          UNITED STATES DISTRICT JUDGE

6