IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFONZO TOLBERT, | ) | CV F 03-5254 AWI SMS P |
| | ) | |
| Plaintiff, | ) | ORDER AMENDING COURT'S |
| v. | ) | ORDER CONCERNING |
| | ) | PLAINTIFF'S MOTIONS |
| D. PEELER, | ) | FOR THE ATTENDANCE |
| | ) | OF INCARCERATED WITNESSES |
| Defendant | ) | |
| | ) | (Documents #74 & #75) |

This action proceeds on Plaintiff Alfonzo Tolbert's complaint, filed July 1, 2003, against Defendant Peeler.  Plaintiff Tolbert, an inmate in the custody of the California Department of Corrections, brings this civil rights action against Defendant Peeler for alleged use of excessive force in violation of Plaintiff Tolbert's Eighth Amendment rights.  The action is set for trial to be held on February 27, 2007.

On January 9, 2007, the court issued an order regarding inmate witnesses. Specifically, the court granted Plaintiff's motion for the attendance of Inmate Clark, CDC #K68510.  The court denied Plaintiff's motion for the attendance of Inmate Devon, CDC #E43780 because his testimony would be duplicative of Inmate Clark.   The court denied the testimony of Inmate Brown as irrelevant.   The court served a copy of this order on Inmate Clark, with instructions for Inmate Clark to contact the court if he did not wish to testify on Plaintiff's behalf.

On January 17, 2007, Plaintiff filed a motion requesting that the court transfer Inmate Devon to trial because he was closer to Plaintiff than Inmate Clark.    In his motion,

Plaintiff also states that he has been rehoused in administrative segregation and he is without all legal materials.

On January 18, 2007, the court received a letter from Inmate Clark. Inmate Clark states that he is not willing to testify in this action. Inmate Clark asks that all transportation writs be vacated.

The court previously found Inmate Clark's proposed testimony relevant to this action. However, it is not this court's policy to transport an inmate witness unless that inmate witness is currently willing to come to court to testify. In this court's experience, inmates who are brought to trial who are not willing to testify do not provide assistance to the court or the parties. Inmate Clark is not willing to come to trial. In addition, Plaintiff has expressed a preference for Inmate Devon over Inmate Clark. Because it appears Inmate Devon observed the same events as Inmate Clark, the court finds that Plaintiff's case would not be prejudiced if the court did not force Inmate Clark to trial. Thus, the court will not transfer Inmate Clark to trial.[1]

Accordingly, the court ORDERS that:

1. The court's January 9, 2007 order is AMENDED to DENY the attendance of Inmate Clark, CDC #K68510 and GRANT the attendance of Inmate Devon, CDC #E43780;

2. The Clerk of the Court is DIRECTED to serve a courtesy copy of this order on:
   Bobby Ray Clark III, CDC # K-68510
   Kern Valley State Prison, Delano.

IT IS SO ORDERED.

**Dated:    January 23, 2007**          /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE

---

[1] No transportation writ for Inmate Clark was ever issued, so there is no writ for the court to vacate. This order should end this matter as to Inmate Clark.

2