# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONZO TOLBERT, | CASE NO. 1:03-cv-05254-LJO-SMS PC |
|                  Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL;  AND |
|    v. | ORDER REGARDING FIVE WITNESSES |
| D. PEELER, | (Doc. 111) |
|                  Defendant. | |
| _____/ | |

Plaintiff Alfonzo Tolbert ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 24, 2007, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

///

1

1     In the present case, the court does not find the required exceptional circumstances.  Even if

2  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

3  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with

4  similar cases almost daily.  Further, based on a review of the record in this case, the court cannot

5  make a determination that plaintiff is likely to succeed on the merits, and the court does not find that

6  plaintiff cannot adequately articulate his claims.  Id.

7     Further, the court notes that this action has been pending for more than four years.  Plaintiff's

8  motion for the appointment of counsel was received by the court in the afternoon of September 24,

9  2007, after jury trial began.  As such, the motion is not timely.

10     Plaintiff also states in the motion that he needs five witnesses to be present, although plaintiff

11  does not identify the five witnesses or set forth any supporting explanation.  Plaintiff was given

12  deadlines for filing motions for the attendance of incarcerated witnesses and submitting funds to

13  subpoena unincarcerated witnesses.  Plaintiff previously filed motions regarding both incarcerated

14  and unincarcerated witnesses, and his motions have been ruled on by the court.  (Docs. 72, 76, 90.)

15  Plaintiff's motion regarding witnesses is untimely and raises no new issues.

16     For the foregoing reasons, plaintiff's motion for the appointment of counsel and regarding

17  five witnesses, filed September 24, 2007, is HEREBY DENIED.

18

19  IT IS SO ORDERED.

20  **Dated:    September 25, 2007           /s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

2